### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01206-JPG |
| ) | |
| EUGENE J. ARAGONA ) | |
| and JOHN J. FRANKE, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Michael Grady, a federal pretrial detainee at Alton Law Enforcement Center ("Jail"), brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that Captain Franke (Jail Administrator) and Dr. Aragona (Jail physician) subjected him to conditions of confinement posing a substantial risk of serious harm to his health. (Doc. 1-1, pp. 112-121; Doc. 1-2, pp. 1-9). He seeks money damages and an expedited preliminary injunction for unspecified relief. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the Complaint are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the statement of his claim (Doc. 1-1, pp. 112-120) and supporting memorandum (Doc. 1-2, pp. 1-9): Plaintiff is a 66-year-old pretrial detainee who has been confined at Alton Law Enforcement Center since March 10, 2017. (Doc. 1-1, p. 114; Doc. 1-2, p. 2). He has been awaiting trial on federal criminal charges since December 2, 2016.[1] (*Id.*). He suffers from several chronic conditions, including pulmonary emphysema and hypertension. (*Id.* at 3). For at least a year, he has complained of headaches, muscle aches, nausea, fatigue, difficulty breathing, bloody stools, dizziness, allergies, and vision problems. (Doc. 1-1, pp. 114-15). He has also complained about a lost filling and related dental infection since January 2019. (*Id.*). Instead of treating these conditions, Dr. Aragona has modified or eliminated Plaintiff's prescription treatment regimen and ignored his complaints. (*Id.*).

Plaintiff's advanced age and underlying health conditions put him at high risk of developing a serious or life-threatening case of COVID-19. (Doc. 1-1, p. 114; Doc. 1-2, p. 4). At least twenty-two staff members and two pretrial detainees at the Jail have been diagnosed with COVID-19. (*Id.* at 5). According to Plaintiff, this includes Captain Franke. (*Id.*). The captain also confirmed that Plaintiff has come into contact with other individuals who tested positive. (Doc. 1-1, p. 104; Doc. 1-2, p. 5). Plaintiff has requested a COVID test, but his requests have fallen on deaf ears. (Doc. 1-2, p. 5). The Jail has no testing protocol, no medical ward, no nurses, and no breathing apparatuses. (Doc. 1-1, pp. 115-20).

---

[1] Along with the Complaint, Plaintiff includes documents from his criminal case, including pleadings, correspondence, grand jury transcripts, wiretap transcripts, etc. The voluminous Complaint is comprised primarily of these documents. It is unclear why he included any of this information. Plaintiff offers no explanation. The Court finds that these documents offer no support for his claims. This Order focuses on allegations Plaintiff set forth in the statement of his claim and supplemented with exhibits elsewhere in the Complaint.

Plaintiff directed several grievances to Captain Franke in August and September 2020. (Doc. 1-1, pp. 81-85). In them, Plaintiff pointed out that he was aware of an outbreak at the Jail, administrative facility, police department, and municipal court. (*Id*.). He reported widespread symptoms among detainees, including his own symptoms of headaches, nausea, shortness of breath, chest pains, and fever dating back to at least July 22, 2020. (*Id*. at 105-06). Plaintiff explained that the symptoms were largely ignored by staff, including Dr. Aragona who took the position that the novel coronavirus is a "hoax." (*Id*. at pp. 86, 88). Plaintiff requested that additional measures be taken to protect him from COVID-19 because his advanced age, chronic lung condition, breathing difficulties, and chest pain make him particularly vulnerable. (*Id*.). However, Dr. Aragona only offered to secure Plaintiff hydroxychloroquine[2] from an unidentified source in Las Vegas, Nevada. (*Id*. at 93-94).

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Complaint:

**Count 1:** Defendants failed to provide Plaintiff with adequate medical care for his hypertension, pulmonary emphysema, headaches, muscle aches, nausea, fatigue, breathing difficulties, bloody stool, dizziness, allergies, and vision problems, in violation of his rights under the Fourteenth Amendment.

**Count 2:** Defendants subjected Plaintiff to unconstitutional conditions of confinement, including the denial of medical care, at the Jail by exposing him to individuals who tested positive for COVID-19, ignoring his symptoms of possible COVID-19, refusing his requests for COVID-19 testing, and taking no steps to minimize his risk of infection, in violation of his rights under the Fourteenth Amendment.

**Count 3:** Defendants have denied Plaintiff adequate dental care for a lost filling and dental infection since January 2019, in violation of his rights under the Fourteenth Amendment.

---

[2] Plaintiff characterizes this drug as "highly disfavored" by the Centers for Disease Control and Prevention, the White House Coronavirus Task Force (*i.e.*, Drs. Birx and Fauci), and virtually all renowned specialists with expertise in treatment of COVID-19. (*Id*. at 93).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### *Bivens* v. Section 1983

This Court must determine whether Plaintiff has invoked the correct statute when bringing his claims. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). He brings this action pursuant to 28 U.S.C. § 1331 (*Bivens*) rather than 42 U.S.C. § 1983. If a prisoner is "challenging the conditions rather than the fact of confinement, . . . his remedy is under civil rights law." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). In this case, Plaintiff challenges the conditions of his confinement as a federal pretrial detainee at a local jail. *Bivens* provides a limited damages remedy for federal rights violations caused by *federal agents*, and Section 1983 imposes federal tort liability on *state and local actors*. Both defendants appear to be state or local actors, and Plaintiff points to no contract between the federal government and local jail that transforms the defendants into federal agents. Therefore, the case will be analyzed under Section 1983 at this stage. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (allowing claim of administrator of estate of federal pretrial detainee to proceed against county and county jail officials under Section 1983 after noting that contract between federal government and county jail that housed federal and nonfederal inmates did not transform officials into federal actors); *Urias-Urias v. Youell*, 2006 WL 1120434,

---

[3] Plaintiff's Complaint is voluminous. It spans 137 pages and includes grievances, medical bills, criminal case pleadings, wiretap transcripts, grand jury testimony, and other documentation that mentions numerous other issues, such as an underarm rash caused by deodorant, a stomach ulcer, acid reflux, a toe infection, requests for reimbursement of medical bills, and denial of access to a law library. However, he fails to develop any claims related to these issues and names no defendants in connection with them. Accordingly, Plaintiff's claims arising from these allegations are considered dismissed without prejudice for failure to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

n.1 (C.D. Ill. 2006) (analyzing claims under Section 1983, but noting that claims would be analyzed under *Bivens* and not Section 1983 had contract between federal government and country jail to house federal pretrial detainees transformed a state or local actor into a federal agent); *Lewis v. Downey*, 581 F.3d 467, n.3 (7th Cir. 2009) (analyzing case under Section 1983 but questioning whether contract between feds and jail alter the role of the actor from state to federal in cases brought by federal pretrial detainee housed in local jail).

## Discussion

The Fourteenth Amendment Due Process Clause governs Plaintiff's claims in this case. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). When analyzing a pretrial detainee's challenge to the conditions of his confinement or adequacy of his medical care, the Court undertakes a two-part analysis. *See Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018); *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted) (articulating applicable legal standard for pretrial detainee's claim based on unconstitutional conditions of confinement and denial of medical care). The first part of the inquiry examines whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *McCann,* 909 F.3d at 886 (citing *Miranda*, 900 F.3d at 353). The second part of this inquiry asks whether the defendant's conduct was objectively reasonable based on the totality of circumstances faced by the defendant. *Id*. The allegations suggest that both defendants acted purposefully, knowingly, or even recklessly—and in an objectively unreasonable manner—when responding to Plaintiff's complaints about the denial of adequate medical care for his chronic health conditions (Count 1), unsafe conditions of confinement caused by COVID-19 (Count 2), and dental issues (Count 3).

Accordingly, Plaintiff shall be allowed to proceed with Counts 1, 2, and 3 against Dr. Aragona and Captain Franke in their individual capacities.

Because Plaintiff seeks injunctive relief, the Court will add an official capacity claim against Captain Franke, who is also identified as the Jail Administrator. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (when injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity); FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[4]  This defendant will be responsible for implementing any injunctive relief that is ordered in this case.

### Preliminary Injunction

In order to obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)).  If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Id*. Plaintiff's request fails on the first prong because he has not indicated what relief he seeks in the Complaint (Docs. 1 and 1-1) or Supporting Memorandum of Law (Doc. 1-2). Therefore, the Court cannot determine whether he has satisfied the other requirements necessary to obtain interim injunctive relief.  Given that the Memorandum focuses entirely on the current pandemic, Plaintiff may be seeking an order requiring Jail officials to take steps to mitigate his risk of COVID-19 infection, make proper testing available, grant access to medical care for

---

[4] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

suspected symptoms, transfer him to another facility, or release him from custody altogether. (*Id*.). Before the Court can properly consider his request, however, Plaintiff must file a Motion for Temporary Restraining Order and/or Preliminary Injunction under Federal Rule of Civil Procedure 65(a) or (b) indicating what interim relief he seeks and the reasons he requires it. The Court can then determine whether the relief is available under Section 1983 (or *Bivens*) and whether he is entitled to it.[5] To the extent he seeks a preliminary injunction in the Complaint, his request is **DENIED without prejudice**.

## Disposition

**IT IS ORDERED** that **COUNTS 1, 2,** and **3** survive screening against Defendants **FRANKE** and **ARAGONA** in their individual capacities. Defendant **FRANKE** shall also be named as a defendant in his official capacity, and he shall be responsible for implementing any injunctive relief that is ordered in this case. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**Because the claims arise from the alleged denial of medical care, the Clerk's Office is also DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **FRANKE** and **ARAGONA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

---

[5] If Plaintiff wishes to pursue a request for release from confinement, he may file a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the federal judicial district where he is currently confined *or* by filing a motion for compassionate release pursuant to Title VI, Section 603(b) of the First Step Act of 2018 in his underlying criminal case in the federal judicial district where the criminal case was brought. If he seeks an order requiring Captain Franke and/or Dr. Aragona to take additional steps to protect him from a serious risk of harm posed by COVID-19 or to treat him for related symptoms, he may file a Motion for TRO or Preliminary Injunction under Rule 65(a) or (b) in this case at any time he deems it necessary.

these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.