# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01206-JPG |
| | ) |
| EUGENE ARAGONA | ) |
| and JOHN J. FRANKE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Plaintiff's Motion for Preliminary Injunction (Doc. 15) filed on December 29, 2020. Plaintiff seeks an order requiring Defendants to recommend his release to home confinement or his transfer to a federal medical facility. (*Id*.). He claims that his advanced age, underlying health conditions, and unconstitutional conditions of confinement at Alton Law Enforcement Center pose a substantial risk of irreparable harm to his health and safety, particularly in light of the ongoing pandemic. (*Id*.). Defendants filed responses in opposition to the motion. (Docs. 27 and 28). They do not support a recommendation for release or transfer and point out that two other courts have denied Plaintiff's requests for release pending his criminal trial. Defendants ask the Court to deny Plaintiff's motion. After considering the submissions of the parties and for the reasons set forth below, the motion shall be **DENIED**.[1]

---

[1] Plaintiff also requested a temporary restraining order ("TRO") prohibiting anticipated retaliation by defendants, and the Court denied it as being speculative. (*See* Docs. 15-16). The Court therefore focuses only on his request for a preliminary injunction herein.

1

**Background**

Plaintiff Michael Grady is a federal pretrial detainee at Alton Law Enforcement Center ("Jail"). He filed the underlying action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that he is a 66-year-old pretrial detainee. (Doc. 1-1, p. 114; Doc. 1-2, p. 2). He has been confined at the Jail since March 10, 2017. (*Id*.). He has been awaiting trial on federal criminal charges since December 2, 2016. (*Id*.). Plaintiff suffers from numerous chronic health conditions, including pulmonary emphysema and hypertension. (Doc. 1-1, pp. 114-15; Doc. 1-2, p. 3). For the past year, he has complained of headaches, muscle aches, nausea, fatigue, difficulty breathing, bloody stools, dizziness, allergies, and vision problems. (*Id*.). He has also complained of a lost filling and related dental infection since January 2019. (*Id*.). Captain Franke (Jail Administrator) and Dr. Aragona (Jail physician) have disregarded his medical complaints and allegedly failed to prevent his exposure to individuals diagnosed with COVID-19. The Jail allegedly has no COVID-19 testing protocol, no medical ward, no nurses, and no breathing apparatuses. (*Id*.).

On December 4, 2020, the Court screened the Complaint and allowed Plaintiff to proceed with three claims against Defendants: **Count 1** – a Fourteenth Amendment claim against Defendants for failing to provide Plaintiff with adequate medical care for his hypertension, pulmonary emphysema, headaches, muscle aches, nausea, fatigue, breathing difficulties, bloody stool, dizziness, allergies, and vision problems; **Count 2** – a Fourteenth Amendment claim against Defendants for exposing Plaintiff to individuals with COVID-19, ignoring his symptoms of possible COVID-19, denying his requests for testing, and taking no steps to minimize his risk of infection; and **Count 3** – a Fourteenth Amendment claim against Defendants for denying Plaintiff adequate dental care for his lost filling and dental infection. (Doc. 10).

Plaintiff filed the instant motion on December 29, 2020. (Doc. 15). There, Plaintiff asserts that his federal criminal trial has been postponed until at least March 22, 2021. (*Id*. at 2-3). He maintains that Defendants have taken insufficient steps to prevent the spread of coronavirus at the Jail. (*Id*. at 3). Plaintiff's underlying health conditions make him particularly vulnerable to COVID-10. (*Id*.). For these reasons, he seeks an order requiring the defendants to write a letter recommending his release to home confinement or his transfer to a federal medical facility pending his criminal trial. (*Id*. at 4). Defendants filed separate responses in opposition to Plaintiff's motion. (Docs. 27 and 28). The Court will discuss their responses below.

## **Analysis**

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays*, 974 F.3d at 818. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Plaintiff has not satisfied any of the requirements for obtaining preliminary injunctive relief. He asks the Court to order Defendants to write letters of recommendation for his release or transfer pending trial. In support of this request, Plaintiff claims the conditions at the Jail in the ongoing pandemic subject him to a serious risk of harm, particularly because of his underlying health conditions.

Plaintiff has not demonstrated some likelihood of success on the merits. On the contrary, Plaintiff has already pursued virtually the same request for relief, based on the same grounds, numerous times in his criminal case. The United States District Court for the Eastern District of Missouri has denied all requests for release after finding that the Jail is properly addressing COVID-19 and Plaintiff is a flight risk and a danger to his community. *See United States v. Velasquez, et al.*, Case No. 15-cr-00404-HEA ("criminal case") (*See* Docs. 2632, 2765, and 2819). The Southern District of Illinois also denied his petition for writ of habeas corpus requesting release pending trial, based on the conditions of his confinement at the Jail, the threat posed by COVID-19, and the delay in his criminal trial. *See Grady v. Franke*, 20-cv-1372-SPM (S.D. Ill. dismissed Jan. 4, 2021). The district court concluded that it lacked authority to review the decisions made by the Eastern District of Missouri. (Doc. 6) (citing *Williams v. Hackman*, 364 F. App'x 268, 268-69 (7th Cir. 2010) (citations omitted) ("A federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."). Plaintiff presents no new facts and no new request for relief. A letter recommending release or transfer would serve no purpose where his underlying request for an order to this effect has already been denied repeatedly. Plaintiff is instead asking the Court to revisit unfavorable decisions of two other courts. However, Federal Rule of Civil Procedure 65 is not a mechanism for appealing another court's decision (or, in this case, numerous prior decisions). *Id*. If he wishes to challenge prior decisions of another court, he should file a direct appeal.

Plaintiff's motion shall be denied. If Plaintiff has ongoing concerns regarding his health or safety and seeks relief that is available under Section 1983, he may file a new motion. Because the Court has recruited counsel to represent him, Plaintiff should refrain from filing anything

himself  He should instead consult with his attorney before deciding whether and when to file a new motion.

For the reasons set forth herein, Plaintiff's Motion for Preliminary Injunction (and for Temporary Restraining Order) (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 2/4/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
